IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB 05-2978 |
| ANTHONY SHACKELFORD, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This action arose when the Defendant, Anthony Shackelford ("Defendant" or "Shackelford"), failed to repay a loan issued to his family by the Farm Service Agency of the United States of America pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1941. Pending before this Court are cross-motions for summary judgment on the issue of whether the action was filed within the applicable six-year statute of limitations set out in 28 U.S.C. § 2415(a). The Plaintiff, United States of America ("Plaintiff" or "Government"), alleges that the Complaint was duly filed within the statute of limitations period, while the Defendant contends that this action was time-barred. A telephonic hearing on the record was conducted with counsel on March 15, 2007. For the reasons stated below, Plaintiff's Motion for Summary Judgment will be GRANTED, and Defendant's Motion for Summary Judgment will be DENIED.

### BACKGROUND AND PROCEDURAL HISTORY

The facts of this case are undisputed. On March 11, 1997, Shackelford co-signed a $200,000 Promissory Note ("Note") in favor of the Farm Service Agency ("the FSA"), a division of the United States Department of Agriculture, in his capacity as a partner in the family farm

operation known as Shackelford & Sons Partnership.  Pursuant to the Note, Defendant was obligated to make annual payments of $34,572 beginning on March 11, 1998, and due annually every March 11 thereafter for seven years.  (*See* Compl. Ex. A.)  Shackelford never made any payments.  The Note stated that the final installment would be due, if the balance was not paid off sooner, seven years from the date of the Note.  Thus, the Note matured on March 11, 2004.  On April 8, 2004, the Government sent Shackelford an acceleration letter which made demand for the entire amount.  As of November, 22, 2004, the Defendant owed the FSA $192,819.11 plus accrued interest of $64,862.25.  The balance on the Note continued to earn interest at $26.42 per diem thereafter.

On November 1, 2005, the Government filed this lawsuit seeking judgment for the remaining principal and interest, a total of $257,681.36, along with pre-judgment interest, post-judgment interest, and costs.  On August 31, 2006, the Government filed a Motion for Summary Judgment (Paper No. 17) alleging that it is entitled to judgment, because the right of action accrued on April 8, 2004 when demand was made, and its November 1, 2005 Complaint was timely filed within the six-year statute of limitations established by 28 U.S.C. § 2415(a).  On September 15, 2006, Defendant cross-filed a Motion for Summary Judgment (Paper No. 19) contending that this action was filed outside the six-year statute of limitations period because the right of action accrued on March 11, 1998—the first date Defendant failed to make payment.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *genuine* issue as to any *material*

2

fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added). In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the Supreme Court explained that only "facts that might affect the outcome of the suit under the governing law" are material. *Id.* at 248. When both parties file motions for summary judgment, as here, the court applies the same standards of review. *Taft Broad. Co. v. United States,* 929 F.2d 240, 248 (6th Cir. 1991); *ITCO Corp. v. Michelin Tire Corp.,* 722 F.2d 42, 45 n.3 (4th Cir. 1983) ("The court is not permitted to resolve genuine issues of material fact on a motion for summary judgment – even where . . . both parties have filed cross motions for summary judgment.") (emphasis omitted), *cert. denied,* 469 U.S. 1215 (1985). During the telephonic hearing of March 15, 2007, counsel for the parties concurred that the question for the Court is purely a question of law with respect to the statute of limitations issue.

## DISCUSSION

The single issue presented by the cross-motions for summary judgment is whether the Government's lawsuit was timely filed. The parties agree that a lawsuit to recover loan payments owed to the Government is governed by 28 U.S.C. § 2415(a), which sets out a general 6-year statute of limitations for Government contract actions. Section 2415(a) provides in relevant part as follows:

> Subject to the provisions of section 2416 of this title ... every action for money damages brought by the United States ... or agency thereof which is founded upon any contract ... shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later.

28 U.S.C. § 2415(a). The dispute in this case arises out of the parties' different interpretations of

when the Government's right of action accrued.

Plaintiff offers two different dates when the right of action accrued.  First, the Government alleges that the "right of action accrued on April 8, 2004, the day the United States declared the debt to be in default and demanded full payment of the entire indebtedness it was owed."  (Pl.'s Mem. Supp. Summ. J. 5.)  Second, the Government contends that "the right of action accrued on March 11, 2004, the date the entire debt was due."  (Pl.'s Opp'n Def.'s Mot. Summ. J. 3.)  In contrast, Defendant contends that "a cause of action 'accrues' at the time it comes into existence," implying that this action accrued on March 11, 1998, the first time he failed to make a payment.  (Def.'s Mem. Supp. Summ. J. 6.)  If the right of action accrued on either date proffered by Plaintiff, its November 2005 Complaint was timely filed.  However, if the right of action accrued in March of 1998, as Defendant suggests, then the Complaint is barred by the statute of limitations.

Substantial authority has held that a right of action accrues under section 2415(a) at the time of the acceleration notice and demand.  *See United States v. Feterl*, 849 F.2d 354, 356 (8th Cir. 1988) ("the time begins to run when a demand for payment under the guaranty is made"); *FDIC v. Hinkson,* 848 F.2d 432 (3d Cir. 1988); *United States v. Gilmore*, 698 F.2d 1095, 1097 (10th Cir. 1983) (holding that the "cause of action . . . accrued to trigger the limitation period" when the plaintiff "exercised the acceleration clause and demanded payment in full"); *FDIC v. Cardona,* 723 F.2d 132, 134 (1st Cir. 1983); *United States v. Rogerson*, No. 5:95-CV-43-D(3), 1995 U.S. Dist. LEXIS 8296 (E.D.N.C. May 22, 1995) ("Thus, a cause of action on a promissory note accrues not upon default in payment, but only when the government accelerates the notes and demands payments of the entire balance.") (citing *United States v. Lorince*, 773 F. Supp.

4

1082, 1085 (N.D. Ill. 1991)); *United States v. Boozer*, 732 F. Supp. 20 (N.D.N.Y. 1990) (action accrues only when government gives notice of acceleration and not when default first occurred). The underlying basis of these decisions is that "[a]cceleration clauses are included in promissory notes for the benefit of the creditor." *Feterl*, 849 F.2d at 357.

Acceleration is seldom implied, and "courts usually require that an acceleration be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention and no doubt that the borrower is apprised that the option has been exercised." *Id*. Although the United States Court of Appeals for the Fourth Circuit has not expressly ruled on this issue, the court followed the reasoning of the Eighth Circuit in *Feterl* in an unpublished opinion, noting that proper acceleration of the note in question would have commenced the running of the statute of limitations, because acceleration clauses are for the benefit of the creditor. *United States v. Neudai, Inc.,* No. 92-2389, 1993 U.S. App. LEXIS 32733 (4th Cir. 1993). This Court will adopt the reasoning of these courts and hold that the statute of limitations began running on April 8, 2004, when the Government exercised its option to accelerate and demanded full payment of Shackelford's loan.[1]

The promissory note at issue in this case gives the holder of the note the authority to determine when the debtor is in default. Specifically, it defines default as the "[f]ailure to pay when due *any* debt evidenced by this note," and upon any such default "the Government at its option may declare all or any part of any such indebtedness immediately due and payable."

---

[1] Although this Court need not reach the issue, the outcome would be the same under the Plaintiff's alternate theory that the statute of limitation began running when the note matured on March 11, 2004, because the Complaint would still have been filed within the six-year time period.

(Compl. Ex. A) (emphasis added). Thus, although the Government had the right to demand payment on March 11, 1998, it did not exercise that right until April 8, 2004, and thus its right of action accrued on that later date. Accordingly, Plaintiff's November 1, 2005 Complaint was filed well within the six-year statutory period.

## CONCLUSION

For the reasons stated above, Plaintiff United States of America's Motion for Summary Judgment (Paper No. 17) is GRANTED, and Defendant Shackelford's Motion for Summary Judgment (Paper No. 19) is DENIED. A separate Order follows.

/s/
Richard D. Bennett
United States District Judge

Date: March 16, 2007